# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

### 4: CR-05-37?

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CRIMINAL NO. |
| ) | |
| ) | (Judge        ) |
| v.    ) | |
| ) | FILED |
| ) | WILLIAMSPORT, PA |
| DJR CLEANING ENTERPRISES, INC. ) | SEP 1 4 2005 |
| | MARY E. D'ANDREA, CLERK |
| | Per_____ Deputy Clerk |

## PLEA AGREEMENT

The following plea agreement is entered into by and between the United States Attorney for the Middle District of Pennsylvania and the above-captioned defendant. Any reference to the United States or to the Government in this Agreement shall mean the office of the United States Attorney for the Middle District of Pennsylvania.

The defendant and counsel for both parties agree that the United States Sentencing Commission Guidelines which took effect on November 1, 1987, as amended and interpreted by United States v. Booker and FanFan, 125 S. Ct. 738 (2005), will apply to the offense to which the defendant is pleading guilty. Further, defendant agrees to be sentenced in accordance with the advisory Sentencing Guidelines and agrees not to challenge the constitutionality of the Guidelines.

1. The defendant agrees to waive indictment by a grand jury and plead guilty to a felony information which will be filed against the defendant by the United States Attorney for the Middle District of Pennsylvania. That information, a copy of which is appended hereto as Exhibit 1, will charge the defendant with a violation of Title 8, United States Code, Section 1324

(a)(1)(A)(v)(i), 1324(a)(1)(A)(iv), and (a)(1)(B)(i), Conspiracy to transport and encourage and induce aliens to reside in the United States knowing or in reckless disregard of the fact that such residence is and will be in violation of law and for the purpose of commercial advantage and private financial gain. The maximum penalty for that offense is a fine of $500,000.00, a term of probation to be determined by the court, the costs of prosecution, denial of certain federal benefits as well as an assessment in the amount of $400.00. Count Two of the Information will charge a criminal forfeiture count which will require the Defendant to forfeit the proceeds derived from his participation in the offense charged in Count One. The property to be forfeited to the United States pursuant to 18 U.S.C. § 982(a)(6) and 28 U.S.C. § 2461(c)] is any property constituting or derived from proceeds obtained directly or indirectly as a result of the said violation(s), including but not limited to the following:

a) $14,940.69 on deposit with Itasco Bank and Trust Account Number 106734601;
b) $53,081.81 on deposit with Itasco Bank and Trust Account Number 106734604; and
c) a money judgment in an amount equal to $131,977.50 in United States currency, representing the remaining amount of proceeds obtained as a result of the offenses charged in Count One of the information to be paid to the United States within two years from the date of the entry of the defendant's guilty plea.

At the time the guilty plea is entered, the defendant shall admit to the Court that the defendant is, in fact, guilty of the offenses charged in Count One and that the property listed in Count Two of the Information is forfeitible to the United States. The defendant further agrees that any legal and factual issues relating to the application of the Federal Sentencing Guidelines to the defendant's conduct, including facts that support any specific offense characteristic or other enhancement or adjustment and the appropriate sentence within the statutory maximums

provided for by law, will be determined by the court at a sentencing hearing, and the defendant waives the defendant's right, if any, to indictment by a grand jury and to have any of these sentencing issues determined by a jury beyond a reasonable doubt. In the event that the defendant subsequently successfully vacates or sets aside any plea, conviction or sentence imposed pursuant to this plea agreement, the defendant further agrees to waive any defense to the filing of additional charges which could have been brought against the defendant at the time of this plea based upon laches, the assertion of any speedy trial rights, any applicable statute of limitations, or any other grounds.

2. The United States has no objection to defendant's attorney entering the aforementioned guilty plea pursuant to Federal Rules of Criminal Procedure 43 if such is acceptable to the Court.

3. The defendant understands that the Court will impose a special assessment of $400.00 pursuant to the provisions of Title 18, United States Code, Section 3013. No later than the date of sentencing, the defendant or defendant's counsel shall mail a check in payment of the special assessment directly to the Clerk, United States District Court Middle District of Pennsylvania. This check should be made payable to "Clerk, United States District Court". Counsel for the defendant shall provide a copy of the special assessment check or a Clerk's receipt to the United States Attorney's Office for the Middle District of Pennsylvania at the time of sentencing certifying compliance with this provision of the plea agreement. If the defendant intentionally fails to make this payment, pays with an insufficient funds check, or otherwise fails to comply with any of the requirements of the United States Attorney's Office's Financial Litigation Unit regarding the special assessment, it is understood that this failure may be treated as a breach of

this plea agreement and may result in further prosecution or the filing of additional criminal charges, or a contempt citation.

4. The United States Attorney's Office for the Middle District of Pennsylvania agrees that it will not bring any other criminal charges against the defendant nor against any of its owners, shareholders, and/or employees, including Vincent Romano, directly arising out of the defendant's involvement in the offense described above. However, nothing in this agreement will limit prosecution for criminal tax charges, if any, arising out of those offenses.

5. The United States agrees that by entering and fulfilling its obligations under this Agreement, the defendant demonstrates recognition and affirmative acceptance of responsibility for its conduct. The defendant further demonstrates its acceptance of responsibility by agreeing to the civil forfeiture set forth in this agreement.

6. The United States and the defendant agrees that this Plea Agreement is governed by Federal Rule of Criminal Procedure 11(c)(1)(C), and that in light of the defendant's agreement to pay $200,000.00 as a forfeiture to resolve all civil and criminal matters arising out of the defendant's conduct as set forth in the Information, the following sentence is the appropriate disposition of this case:

    (a)   The defendant agrees to the forfeiture of $200,000.00 as set forth in paragraph 7 of this Agreement;
    (b)   No separate criminal fines shall be imposed against the defendant;
    (c)   Organizational probation is not applicable in this case; and
    (d)   If the Court does not accept this Agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), then the defendant has the right to withdraw from this Agreement,

4

and withdraw any guilty plea entered pursuant
to this Agreement, the United States is free
to pursue whatever prosecution it deems
appropriate in this matter. To the extent
that in reliance of this Agreement any steps
are taken by any party hereto to effectuate
the forfeiture or return of property
contemplated hereunder, and the Court does
not accept this Agreement, the United States
and the defendant agrees to take such steps
as are necessary to restore the status quo
regarding forfeiture as it exists the date
this Agreement is executed.

7. Defendant desires to end all pending civil and criminal matters in the Middle District of Pennsylvania. To avoid needless litigation and the expense attendant thereto, Defendant agrees to settle the civil and criminal matters arising out of the Information appended hereto as Exhibit 1. In order to facilitate the forfeiture of this property and the entry of the money judgment, the defendant further agrees to:

a)  immediate entry of a preliminary order of forfeiture;
b)  waive its right to personal service of process and name its counsel as its agent for service of process, Terence H. Campbell, Cotsirilos, Tighe & Streiker, Ltd., Attorneys at Law, 33 North Dearborn St, Suite 600, Chicago, IL 60602;
c)  waive its right to appear and contest any portion of the forfeiture proceedings, including but not limited to, any motion or proceeding for substitute assets;
d)  sign any and all documents to effectuate the forfeiture and costs associated therein;
e)  waive any double jeopardy challenges the defendant may have as to any administrative or civil forfeiture arising out of the course of conduct that provides the basis for these charges and any pending or completed administrative or civil forfeiture actions;
f)  to stipulate that no other person has an equitable or legal interest in the $200,000 to be forfeited hereunder; and
g)  to pay into the custody of the United States the entire sum necessary to effectuate a forfeiture of $200,000, taking into consideration those sums to be forfeited which are already in the custody and control of the United States pursuant to the execution of seizure warrants and/or warrants of arrest in rem, within two years from the date of the entry of the guilty plea, said sums to be paid by bank or

5

cashier check payable to the United States Marshals Service, Middle District of Pennsylvania, Asset Forfeiture Fund.

After a final order of forfeiture is entered in this criminal proceeding, the United States will agree to dismiss the civil in rem forfeiture action pending in the United States District Court for the Middle District of Pennsylvania, and captioned as follows:

> United States of America v. DJR Cleaning Services, Account No. 106734601 and DJR Cleaning Services, Account No. 106734604, No. 3:02-CV-00981

8. This agreement is being entered into by the United States on the basis of the express representation that the defendant is making full and complete disclosure of all assets over which the defendant exercises control. Conditioned upon such full disclosure, the United States agrees not to seek the seizure/forfeiture of any of the defendant's assets other than those specifically delineated in this Agreement. To the extent that any assets other than the $200,000.00 to be forfeited hereunder are presently the subject of the above-captioned civil in rem forfeiture actions or have been seized or arrested by the United States, the United States agrees to discontinue such actions or settle such actions, as appropriate, so as to effectuate an aggregate forfeiture to the United States of $200,000.00 plus costs of $300.00, and the return of all other property presently in the custody or control of the United States.

9. As the result of the forfeitures set forth in paragraphs 7 and 8 above, the United States agrees not to seek forfeiture of any other assets known to the United States which belongs to the defendant or to Vincent Romano, or either of their successors or assigns, as the case may be. This Agreement does not bind the Internal Revenue Service from the collection of taxes or the seizure of assets to satisfy those taxes.

6

10. By this Agreement, the defendant agrees to forfeit all interests in the cash listed in paragraph 7 above and to take whatever steps are necessary to pass clean title to the Untied States. These steps include but are not limited to surrender of title, the signing of a consent decree, a stipulation of facts regarding the transfer and basis for the forfeitures and signing any other documents necessary to effectuate such transfers.

11. The defendant understands that if the Court determines that a pre-sentence investigation is necessary, the United States will provide to the United States Probation Office all information in its possession which the United States deems relevant regarding the defendant's background, character, cooperation, if any, and involvement in this or other offenses.

12. The defendant understands that pursuant to the United States District Court for the Middle District of Pennsylvania "Policy for Guideline Sentencing" both the United States and defendant must communicate to the probation officer within fourteen (14) days after disclosure of the pre-sentence report any objections they may have as to material information, sentencing classifications, sentencing guidelines ranges and policy statements contained on or omitted from the report. The defendant agrees to meet with the United States at least five (5) days prior to sentencing in a good faith attempt to resolve any substantive differences. If any issues remain unresolved, they shall be communicated to the probation officer for his inclusion on an addendum to the pre-sentence report. The defendant understands that unresolved substantive objections will be decided by the Court at the sentencing hearing where the standard of proof will be a preponderance of the evidence. Objections by the defendant to the pre-sentence report or the Court's rulings, will not be grounds for withdrawal of a guilty plea.

13. The defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to the defendant, arising out of the investigation, prosecution or cooperation covered by this agreement, the seizures or forfeiture actions listed in paragraph 7 hereof, or the forfeitures contemplated hereunder, including but not limited to any claims for attorneys' fees and other litigation expenses arising out of the investigation and prosecution of this matter. By the defendant's guilty plea in this matter the defendant further acknowledges that the government's position in this litigation was taken in good faith, had a substantial basis in law and fact and was not vexatious.

14. Nothing in this agreement shall limit the Internal Revenue Service in its collection of any taxes, interest or penalties due from the defendant arising out of or related in any way to the offense identified in this agreement.

15. The defendant agrees to interpose no objections to the entry of an order under Fed. R. Crim. P. 6(e) authorizing transfer to the Examination Division of the Internal Revenue Service of the defendant's documents, or documents of third persons, in possession of the Grand Jury, the United States Attorney or the Criminal Investigation Division of the Internal Revenue Service.

16. The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all of this, the defendant knowingly waives the right to appeal any sentence imposed within the statutory maximum, or the manner in which that sentence was determined, on the grounds set forth in Title 18, United States Code, Section 3742, or any other grounds. The defendant also waives its right to challenge the judgment of conviction or sentence or the manner in which the sentence was determined in any

collateral proceeding, including but not limited to a motion brought under Title 28, United States Code, Section 2255. Notwithstanding the terms of this paragraph, this Plea Agreement and the sentence to be imposed are governed by Federal Rule of Criminal Procedure 11(c)(1)(C) as set forth above.

17. The defendant agrees to cooperate with the United States in any on-going investigations including those relating to the conduct by individuals or entities referred to in the Information attached hereto as Exhibit 1.

18. The United States is entering into this Plea Agreement with the defendant because this disposition of the matter fairly and adequately addresses the gravity of conduct from which the charges are drawn, as well as the defendant's role in such conduct, thereby serving the ends of justice.

19. This document states the complete and only Plea Agreement between the United States Attorney for the Middle District of Pennsylvania and the defendant in this case, and is binding only on the parties and signators to this agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that is signed by all parties or on the record in Court. No other promises or inducements have been or will be made to the defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

20. The original of this agreement must be signed by an authorized representative of defendant and by defense counsel for the defendant and received by the United States Attorney's Office on or before 5:00 p.m., August 22, 2005, otherwise the offer may, in the sole discretion of the Government, be deemed withdrawn.

21. None of the terms of this agreement shall be binding on the Office of the United States Attorney for the Middle District of Pennsylvania until signed by an authorized representative of the defendant and defense counsel and until signed by the United States Attorney.

## ACKNOWLEDGMENTS

I have read this agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

8-29-05
Date

Vincent Romano, President
DJR Cleaning Enterprises, Inc.
Defendant

I am the defendant's counsel. I have carefully reviewed every part of this agreement with the defendant. To my knowledge my client's decision to enter into this agreement is an informed and voluntary one.

8/29/05
Date

s/
Terence H. Campbell, Esquire
Counsel for Defendant

September 14, 2005
Date

Thomas A. Marino   w/p
United States Attorney

MWPS/pjh
27, 2005\1004ROONEW

10

21. None of the terms of this agreement shall be binding on the Office of the United States Attorney for the Middle District of Pennsylvania until signed by an authorized representative of the defendant and defense counsel and until signed by the United States Attorney.

## ACKNOWLEDGMENTS

I have read this agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

_____   _____
Date                                            Vincent Romano, President
                                                      DJR Cleaning Enterprises, Inc.
                                                      Defendant

I am the defendant's counsel. I have carefully reviewed every part of this agreement with the defendant. To my knowledge my client's decision to enter into this agreement is an informed and voluntary one.

8/29/05
_____   _____
Date                                            Terence H. Campbell, Esquire
                                                      Counsel for Defendant

_____   _____
Date                                            Thomas A. Marino
                                                      United States Attorney

TAM/WPS/pjh
July 27, 2005/2004ROONEW

10